IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **United States of America,** | **CASE NO. 5:14 CR 00057** |
| **Plaintiff,** | **JUDGE PATRICIA A. GAUGHAN** |
| v. | |
| **Nicholas B. Bowers,** | **Memorandum of Opinion and Order** |
| **Defendant**. | |

### Introduction

This matter is before the Court upon defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. (Doc. 42.) For the following reasons, the motion is DENIED.

### Facts

On June 30, 2014, defendant entered into a plea agreement with the government wherein he agreed to plead guilty pursuant to Rule 11 (c)(1)(A) to one count of receipt and distribution of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), and to one count of enticement, in violation of 18 U.S.C. § 2422(b). The plea agreement included an appellate waiver provision providing that defendant would waive his rights to appeal his conviction or sentence, except that defendant

> reserve[d] the right to appeal: (a) any punishment in excess of the statutory maximum; or (b) any sentence to the extent it exceeds the greater of any mandatory minimum sentence or the maximum sentencing imprisonment range determined under the advisory Sentencing Guidelines found applicable by the Court.

(Doc. 15.) The parties did not agree on a recommendation for sentencing.

The Court accepted the parties' plea agreement and, on April 7, 2015, the Court sentenced the defendant to 262 months on each count to be served concurrently.  On July 13, 2015, the Court amended the judgment and sentenced the defendant to 240 months on count one and 262 months on count two, with both terms to run concurrently. This sentence was below the advisory sentencing guideline range.

Following his conviction, defendant filed an appeal. On September 30, 2015, the Sixth Circuit Court of Appeals dismissed defendant's appeal due to the appellate waiver in the plea agreement.

Defendant filed the instant motion on August 23, 2023. The government opposes the motion.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). "When a motion is made to vacate or set aside a judgment under Section 2255, the movant must set forth facts which entitle him to relief.

Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

## **Discussion**

Defendant asserts he is entitled to relief due to ineffective assistance of counsel. The government argues defendant's motion is time-barred and defendant cannot establish ineffective assistance of counsel.

### (1) Timeliness

A motion under 28 U.S.C. § 2255 is subject to a one-year statute of limitations. 28 U.S.C. 2255(f).  While the statute of limitations is subject to equitable tolling, a petitioner is entitled to equitable tolling only if he can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Jefferson v. United States*, 730 F.3d 537, 549 (6th Cir. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010)). "Equitable tolling is used sparingly . . . ." *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012).

In the motion, defendant argues that the statute of limitations should be equitably tolled for two reasons. First, defendant asserts his former counsel's serious errors or misconduct prevented the timely filing of the motion. Second, defendant argues the delay in filing was the result of his good-faith reliance upon then-binding circuit precedent. The motion indicates that the grounds for equitable tolling would be demonstrated in detail in his brief in support of the motion, however no brief in support was filed. Therefore, the motion does not include any reasoning supporting defendant's position.

3

Defendant fails to set forth any facts to show that he pursued his rights diligently. He does not provide the Court with any efforts made between the time his appeal became final and the filing of the instant motion, over seven years after he accepted the plea agreement. The conclusory, unsupported statement in his reply brief that he pursued his remedy "by writing to the Court, the sentencing board, etc." is insufficient. (Doc. 45.) *See Starks v. United States*, 2007 WL 1469412, at *3 (N.D. Ohio May 16, 2007) (finding unsupported claims that a petitioner raised objections through complaints and letters to the court failed to show diligence). Defendant's failure to establish that he pursued his rights diligently alone precludes equitable tolling. *Williams v. Warden, Chillicothe Corr. Inst.*, 2012 WL 1658877, at *5 (S.D. Ohio May 11, 2012), *report and recommendation adopted*, 2012 WL 2268989 (S.D. Ohio June 18, 2012) (explaining a two-year delay in seeking relief "in and of itself conclusively demonstrates that [a] petitioner has not acted with the degree of diligence necessary to trigger equitable tolling").

Nevertheless, defendant does not demonstrate any extraordinary circumstance that prevented his timely filing. In his reply brief, defendant argues that his former counsel failed to identify a due process violation, namely that defendant's confession was obtained because of deception and manipulation.[1] However, this argument is unavailing. Even if defendant's claim is true, "[a]ttorney [] error does not generally give rise to equitable tolling." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)).

---

[1] In his reply brief (as in the motion), defendant does not explain the assertion that his delay should be excused due to his reliance on circuit precedent. He does not identify the precedent upon which he relied or why his reliance justifies tolling the statute of limitations.

Defendant's confession was given over seven years before the filing of the instant motion. Defendant does not explain any circumstances that prevented him from raising the issue sooner.[2] For these reasons, the Court finds that equitable tolling of the statute of limitations is unwarranted, and the motion is untimely.

**(2) Ineffective Assistance of Counsel**

A defendant alleging ineffective assistance of counsel "bears a heavy burden of proof." *Pough v. United States*, 442 F.3d 959, 966 (6th Cir. 2006) (citing *Whiting v. Burt*, 395 F.3d 602, 617 (6th Cir.2005)). He must prove "that (1) his trial counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 966 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable judgment." *Strickland*, 466 U.S. at 690.

In the context of a guilty plea, a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Where a defendant challenges his "attorney's conduct during plea bargaining," he must also show "that counsel did not attempt to

---

[2] In the motion, defendant asserts that the due process violation that his former counsel failed to raise was not identified until he retained his current counsel. To the extent defendant is claiming that his ignorance of the law or the absence of counsel is an extraordinary circumstance that would trigger equitable tolling, that argument similarly fails. *See Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) ("Ignorance of the law, even by an incarcerated pro se petitioner, is not grounds to toll the statute.") and *Starks v. United States*, 2007 WL 1469412, at *3 (N.D. Ohio May 16, 2007) (explaining that the "absence of external legal advice" is not grounds for equitable tolling).

learn the facts of the case and failed to make a good-faith estimate of a likely sentence." *Pough*, 442 F.3d at 966 (explaining a defendant "must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty").

In support of his ineffective assistance of counsel claim, defendant argues that his counsel (1) failed to raise the issue that his confession was obtained because of deception and manipulation, and (2) failed to effectively communicate the potential ramifications of sentencing. Defendant does not allege facts to support either assertion, and instead argues in his reply that his history of mental health and substance abuse caused his involuntary confession.

The Court finds that defendant fails to meet his burden. First, with respect to the nature of his confession, defendant includes a letter as support for the alleged panic attacks and mental breakdown he experienced during his interview. (Doc. 15 at Ex. A.) The letter, which is generically addressed and has a hand-written date on the top, mentions that defendant "had panic attaches (sic) and a mental breakdown that day." *Id*. However, it is not clear whether defendant is referring to the day of his interview, which he does not even reference, or the day he was given a lie detector test. *Id*. While the letter includes complaints about defendant's counsel at the time of his sentencing, it does not explain how these alleged deficiencies impacted his decision to plead guilty. In the briefing and the letter, defendant completely fails to show that any purported ineffective assistance of counsel was a decisive factor in his decision to plead guilty.

Second, the record in this case contradicts the defendant's assertion that he was not aware of the potential ramifications of sentencing at the time the plea agreement was entered. The plea agreement clearly states that defendant faced maximum sentence of 20 years on count one and a

6

maximum sentence of life on count two. (Doc. 15.). During the plea colloquy, the defendant indicated his understanding of the potential statutory penalties for each of the charges:

> THE COURT: Regarding Count 1, the statutory penalty is as follows: Maximum term of imprisonment, 20 years. Minimum term of imprisonment, five years. Maximum fine, $250,000. Minimum period of supervised release, five years; maximum, life. Special assessment, $100 due and payable on the date of sentencing.
>
> Do you understand the statutory penalty?
>
> THE DEFENDANT: Yes, I do, Your Honor.
>
> THE COURT: Count 2, sir, maximum term of imprisonment, life. Minimum term, ten years. Maximum fine, $250,000. Minimum period of supervised release, five years to a maximum of life. $100 special assessment.
> Do you understand that?
>
> THE DEFENDANT: Yes, I do, Your Honor.
>
> THE COURT: Now, sir, have you discussed Sentencing Guidelines with your attorney?
>
> THE DEFENDANT: That, yes, I have. And I've also looked it up myself, Your Honor.

(Doc. 37, PageID 253.) Further, the Sixth Circuit has already determined that defendant's confession was "knowing and voluntary." (Doc. 41, Page ID 301.)

For these reasons, defendant has not established his claim of ineffective assistance of counsel.

### **Conclusion**

For the foregoing reasons, defendant's Motion under 28 U.S.C.§ 2255 to Vacate, Set Aside, or Correct Sentence is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

I T IS SO ORDERED.

                                                      /s/ Patricia A. Gaughan
                                                      PATRICIA A. GAUGHAN
Dated:  12/15/23                            United States District Judge